AVELINO VICENTE Y GONZÁLEZ, Plaintiff and Appellant, *v.* PEDRO N. ORTIZ, INSULAR COMMISSIONER OF HEALTH, Defendant and Appellee.

No. 3976.  Argued March 18, 1928.—Decided April 28, 1928.

*De la Torre & Ramírez* and *L. Feliú* for the appellant. *George C. Butte, Attorney General,* and *C. Llauger Díaz, Arturo Ortiz Toro* and *Luis Samalea, Assistants,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Avelino Vicente y González presented in the District Court of San Juan a verified complaint of injunction to recover possession against the Insular Commissioner of Health, Pedro N. Ortiz, alleging that within the year preceding his complaint he had actual and material possession of a property of 140 acres (describing it) situated in the Southern Section of the ward of Santurce of this city and bounded on the south by the Martín Peña Channel, and that some days before filing the complaint the defendant, by his employees and agents, began to build a stable on the said property on a lot bounded on its four cardinal points by land of the said property of the plaintiff.

In his answer the defendant denied for lack of information and belief that the plaintiff had possession of the property described in his complaint, although admitting that he owned a property that is bounded by lands and mangrove flats of The People of Porto Rico. He denied that by his agents and employees he had begun to build a stable on land included within the boundaries of the property described.

in the complaint, and alleged on the contrary that The People of Porto Rico is the owner in the same ward of a property of 464.52 acres (describing it) bounded on the north by land belonging to Avelino Vicente and on the south by the Martín Peña Channel, a part of which is a parcel of 26 hectares, 58 ares and 11 centiares bounded on the north by land of Avelino Vicente, which was surveyed in 1923 with the participation of the plaintiff. He alleged that this parcel of land is now and has been in the possession of The People of Porto Rico since before 1923 and on it the construction of the stable was begun at a distance of four meters from the boundary of Avelino Vicente who has never been in the possession of the lot of land on which the stable was being built; and he denied that Avelino Vicente had been disturbed or dispossessed by the defendant or his employees of any property whatever.

The plaintiff moved the trial court to strike out each and all of the averments of that answer and all of its allegations because they were immaterial, impertinent and insufficient to constitute a defense, but the motion was overruled and then he moved that the court render judgment against the defendant on the pleadings and that motion was overruled also. After trial the court rendered judgment dismissing the complaint, its main ground being that the construction of the stable was begun on land belonging to The People of Porto Rico which for more than three years had been in the physical and material possession of the Commissioner of the Interior through his agents, without interruption in that possession by the plaintiff or by anybody else.

In his appeal from that judgment Avelino Vicente assigns four errors, the first being the refusal of the trial court to strike out the allegations of the answer; second, failure to render judgment against the defendant on the pleadings; third, allowing the defendant to submit evidence tending to

show surveys, boundaries, titles and supposed property rights of a third person who was not a party to the litigation; fourth, that the judgment was contrary to the law and the facts.

We have condensed at the outset the essential parts of the allegations of the complaint and of the answer and it may be seen from them that the answer controverts the averments of the complaint, for it being stated therein that the plaintiff, during the year preceding the filing of the complaint, was in actual and material possession of a property of 140.90 acres in the ward of Santurce of this city and that the defendant had dispossessed him of a part of it included within the said property, on which part he began to build a stable, the defendant not only denied the possession alleged by the plaintiff and the acts of dispossession imputed to him, but further alleged that the stable was begun to be erected on land which had been in the possession of The People of Porto Rico for more than one year preceding the complaint, situated four meters from the boundary with the property of Avelino Vicente. It is true that the defendant alleged possession in favor of The People of Porto Rico, but he can do so because he has been sued as Insular Commissioner of Health, that is, as one of the heads of the departments of the Government of Porto Rico, and in such capacity he is authorized to allege possession in favor of The People of Porto Rico. The defendant denied having begun to build the stable on land in the possession of the plaintiff and then alleged that he had begun the erection of the stable on land in the possession of The People of Porto Rico; but in our opinion that denial and that averment are not equivalent to an admission of the facts of the complaint, for although admitting the building of the stable, he denied that it was erected on land in the possession of the plaintiff, which is the matter at issue in the action, thus raising the question

of the possession of the land occupied by the stable. It is likewise true that the defendant alleged in his answer the ownership title of The People of Porto Rico to the lands in its possession, plans of its properties and surveys made of them, which are matters not pertinent in this proceeding and which should have been eliminated; but the fact that they were not eliminated is no ground for a reversal of the judgment on appeal as the appellant has not been prejudiced thereby, for the trial court stated several times during the trial that the only point in issue was the possession and not the ownership and that it would take no account of the plans, wherefore such allegations and the evidence in that respect could not influence and have not influenced the court in deciding this case. Moreover, the plaintiff gave a description of all of his property and submitted at the trial a plan of a part of it made a few days before the trial.

In view of the tendency to convert injunction proceedings for the recovery of possession into actions concerning ownership by pleading titles, submitting plans of properties and making them as voluminous as actions in revendication, we want to say once more, as we have repeatedly held, that the only question in these injunctions is whether or not the plaintiff had the possession or material tenancy of the property in which he has been dispossessed or disturbed during the year preceding the filing of the complaint and whether there was such dispossession, and that the answer should be limited to admitting or denying the possession alleged by the plaintiff and the acts of dispossession or disturbance complained of; because the possession as a fact can not exist in two different persons at the same time, except in cases of indivisibility, and the only question to be alleged and shown and to be determined by the court is whether or not the plaintiff had possession and if he had it whether he was deprived of or disturbed in his possession thereof by the defendant. This is all that there is in these proceedings, because the question of the possessory right and that of

boundaries of the respective properties is not the proper matter for these proceedings. They should be raised in plenary actions for ownership, and for this reason the litigants and the courts should limit themselves in similar litigations exclusively to possession and disturbance or dispossession.

All that we have said in considering the first two assignments of error applies also to the third which alleges that the court committed error in admitting, over the objection of the plaintiff, evidence tending to show surveys, boundaries, titles and supposed property rights in a third person who was not a party to the action, the more so since, although there were allegations in regard to surveys and boundaries, the latter were not submitted nor were the ownership titles, but only plans.

Let us consider the fourth assignment that the court erred in rendering judgment contrary to the law and the facts.

The evidence in regard to the possession of the lot of land on which the building of the stable had been begun was contradictory, for while the witnesses for the plaintiff testified that he was in the possession of it because he had possession of the property described in the complaint in which it was included, the defendant produced as witnesses several employees whom The People of Porto Rico had on the property which it had held for more than three years previous to the complaint whose duty it was to look after that land in behalf of The People of Porto Rico and see that no building should be erected thereon, and those witnesses testified also that the land whereon the erection of the stable had been begun was in their possession in representation of The People of Porto Rico.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.